

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KATHY A. COMER, | ) |
| | ) Civil Action No. 5:09CV00084 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:  Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Kathy Ann Comer, was born on May 31, 1954, and eventually completed the tenth grade in school. Mrs. Comer also attended cosmetology school. Plaintiff has worked primarily as a hairdresser. Plaintiff alleges that she last worked on a regular and sustained basis in 2001. The Administrative Law Judge found that plaintiff engaged in substantial gainful activity as a hairdresser until December 28, 2006. Mrs. Comer filed applications for disability insurance benefits and

supplemental security income benefits on March 29, 2007.[1] Plaintiff alleged that she became disabled for all forms of substantial gainful employment on April 10, 2001, due to osteoarthritis, degenerative disc and joint disease, gastroesophageal reflux disease, irritable bowel syndrome, depression, and anxiety. At the time of the administrative hearing in the case, Mrs. Comer amended her alleged disability onset date to January 1, 2004. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Comer met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Comer's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 2, 2009, the Law Judge also determined that Mrs. Comer is not disabled. The Law Judge found that plaintiff suffers from severe impairments on the basis of radiographically documented degenerative disc and joint disease, fibromyalgia-like process, chronic obstructive pulmonary disease, and a depressive disorder. Despite these impairments, the Law Judge ruled that Mrs. Comer retains sufficient functional capacity to return to her past relevant work as a hairdresser. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See gen., 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Comer has now appealed to this court.

---

[1] The complaint filed in this court references only the claim for disability insurance benefits.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record establishes that Mrs. Comer has been treated for a variety of physical and emotional problems. She carries diagnoses of severe degenerative process in her cervical and lumbar spine; moderate chronic obstructive pulmonary disease; and long-standing depression with anxiety. The medical record also reflects treatment at various times for headaches, basal cell skin cancer, rectal bleeding, constipation, esophageal stricture, and gastrointestinal problems. However, without question, in terms of her performance of work activity, Mrs. Comer's most serious impediments consist of her musculoskeletal dysfunction and her emotional disorder. Citing the absence of objective findings of significant musculoskeletal impairment, and noting plaintiff's long history of emotional problems extending back into the period in which she was still productively employed, the Administrative Law Judge found that plaintiff retains the physical and emotional capacity to perform the light work activity in which she previously engaged as a hairdresser. While the court does not believe that the medical record is as free of conflict as suggested by the Administrative Law Judge, the court finds substantial evidence

3

to support the Law Judge's ultimate determination that Mrs. Comer retains sufficient functional capacity to perform light levels of exertion, though with certain functional, postural, and emotional limitations. The court believes that the Administrative Law Judge properly relied on testimony of a vocational expert in assessing the requirements of plaintiff's past work as a hairdresser, and in determining that she still retains sufficient functional capacity to engage in that work role. Accordingly, the court concludes that the Commissioner's final decision must be affirmed.

As previously noted, plaintiff's most vocationally relevant impairments consist of musculoskeletal dysfunction and longstanding depression with anxiety. In his assessment of plaintiff's neck and lower back problems, the Law Judge relied on a rheumatological report completed by Dr. John Timmons on March 31, 2008. Dr. Timmons, a treating physician, characterized plaintiff's condition as follows:

> Radiographically documented degenerative disk and joint disease. However, despite her radiculopathic symptoms, she has no neurometric abnormalities. Her musculoskeletal symptoms are superimposed on a broader fibromyalgia-like process with disrupted and nonrestorative sleep.

(TR 689). It is true that most of the objective, diagnostic studies in plaintiff's case have not proven overly remarkable. An MRI scan of the lumbar spine on April 12, 2004 revealed mild degenerative changes without evidence of foraminal stenosis. Some mild posterior diffuse disc bulging was noted with mild facet arthropathy bilaterally. Bone density studies were said to be unremarkable. Roentgenograhic studies in May of 2005 were not overly significant, though clear degenerative changes in the cervical spine were identified at the C5-6 level. Some facet arthropathy was also noted. A neurological examination in March of 2007 were said to be entirely normal. At that time, however, the neurologist related that plaintiff's x-ray films revealed marked foraminal stenosis at C5-

6 with degenerative changes. A repeat MRI revealed minimally bulging disc at L4-5, with no disc herniation or spinal stenosis, and mild facet joint arthropathy at L5-S1.

In short, the medical record confirms that plaintiff has hard, objective evidence of significant degenerative changes in both her cervical spine and her lumbar spine. However, there is no evidence of significant nerve root involvement. Furthermore, no doctor has suggested that plaintiff is severely impaired as a result of musculoskeletal dysfunction. Although Mrs. Comer complains of significant pain throughout her back, there is no objective evidence to support her radiculopathic symptoms. The court must determine that there is substantial evidence to support the Law Judge's finding that plaintiff's physical problems do not prevent performance of light work activity.

Mrs. Comer's emotional problems present a somewhat closer question. The record suggests that plaintiff has received psychiatric attention for much of her adult life. In more recent years, she has been treated at Rockingham Memorial Hospital Valley Behavioral Medicine. She was referred to this practice group by one of her treating physicians. While she has seen psychiatrists at Valley Behavioral Medicine, her primary care has been through Mary Atkins, a registered nurse and mental health practitioner. Mrs. Comer carries a psychiatric diagnosis of recurrent, severe major depression. At the time this diagnosis was first made, Dr. Thomas Cardwell, a psychiatrist, opined that plaintiff's GAF was 60.[2]

---

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 47.

It is true that Nurse Atkins' reports suggest some deterioration in plaintiff's emotional status. For example, at the time of an examination on May 1, 2007, Nurse Atkins reported a GAF of 40.[3] However, on that occasion, plaintiff's primary psychiatric diagnosis was said to be a mood disorder. (TR 600). Nurse Atkins attributed many of plaintiff's symptoms to situational factors. On April 1, 2009, Nurse Atkins submitted a medical statement of plaintiff's mental ability for work-related activities. The assessment suggests that Mrs. Comer is totally disabled for all forms of work activity.

The Administrative Law Judge discounted Nurse Atkins' opinions. The Law Judge noted that a report from a non-examining state agency psychologist indicated that Mrs. Comer retains sufficient functional capacity for nonstressful work activity. The Law Judge also noted that, as a nurse practitioner, Ms. Atkins is not an acceptable medical source within the meaning of 20 C.F.R. § 1513(a).

The court believes that the medical record supports the Law Judge's finding that plaintiff's emotional limitations are not so severe as to constitute or contribute to an overall disability. As noted by the Law Judge, the simple fact is that Mrs. Comer continued to work for many years after onset of depression and anxiety. In presenting for psychiatric treatment, plaintiff indicated that while there are many stressful circumstances in her life, "doing hair" has been the love of her life and the activity which gives her great satisfaction. (TR 597, 611). Furthermore, while Nurse Atkins produced findings which indicate that plaintiff's emotional condition is such as to prevent sustained work activity, the nurse related many of plaintiff's symptoms to situational factors unassociated with any

---

[3] A GAF score of between 31 and 40 is indicative of some impairment in reality testing or communications or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 48.

physical or emotional problem. Dr. Cardwell, who felt that plaintiff was suffering from a major depressive disorder, also opined that her GAF was 60, and that she could be expected to enjoy improvement with appropriate medication. Finally, as noted by the Law Judge, no medical doctor, psychiatrist, or psychologist has produced findings which suggest that Mrs. Comer's emotional problems are so severe as to prevent all forms of work activity. In such circumstances, the court can only conclude that the Law Judge's assessment of plaintiff's mental health status is supported by substantial evidence.

Dr. Gerald Wells testified at the administrative hearing in this case as the vocational expert. The Administrative Law Judge propounded the following question to Dr. Wells:

> Q[ALJ]: Assume a hypothetical person the same age, education, and work history as Ms. Comer. Let's presume the limitations as indicated by the DDS physicians when you review the file. They indicate the impairments would restrict the hypothetical person to occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand or walk with limited breaks for a total of about six hours in an eight-hour workday and sit with normal breaks for a total about six hours in an eight-hour workday. The person may occasionally use ramps to climb stairs, but should never climb ladders, ropes and scaffolds. She may occasionally stoop, balance, kneel, crouch, crawl and her mental impairments cause other limitations to function in several areas. And if you indicate that the person's basic memory processes are intact, stress exacerbates her symptoms for her ADLs, and her activity [inaudible] social skills are functional. And she would be able to make simple decisions. With her GAF assume limitations dealing with work stresses and public contact. She was able to meet the basic mental demands of repetitive on a sustained basis, despite the limitations resulting from impairments. With those type of limitations, would there be any jobs the claimant could [inaudible]. (TR 45-46).

In response, Dr. Wells indicated that Mrs. Comer could be expected to perform her past relevant work activity as a hairdresser. (TR 47). It appears to the court that the vocational expert's evaluation of the vocational factors, and the hypothetical question to which the vocational expert responded, are

7

both reasonable and consistent with the evidence in plaintiff's case. The court notes that the Law Judge's hypothetical question took into account plaintiff's physical limitations and her emotional difficulties. The court concludes that the Law Judge's reliance on the vocational expert's testimony is supported by substantial evidence. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

In summary, the court finds substantial evidence to support the Law Judge's assessment of plaintiff's physical problems, and the associated work-related limitations. The court also believes that the Administrative Law Judge properly determined that Mrs. Comer's depressive disorder is not so severe as to prevent performance of employment activity which does not involve complex decision making, production quotas, exposure to undue work stresses, or contact with strangers. Finally, the court believes that the Administrative Law Judge properly considered the synergistic effect of Mrs. Comer's impairments in formulating the hypothetical question for the vocational expert. Based on the vocational expert's testimony, the court concludes that there is substantial evidence to support the Law Judge's finding that Mrs. Comer retains sufficient functional capacity to perform past relevant work activity. It follows that the final decision of the Commissioner denying plaintiff's entitlement to a period of disability and disability insurance benefits must be affirmed. See 20 C.F.R. § 404.1520(f).

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Comer is free of all pain, discomfort, depression, and anxiety. Indeed, the medical record confirms that plaintiff suffers from a degenerative disease process in her spine which can be expected to prevent performance of heavy and moderate levels of exertion. Moreover, it is undisputed that plaintiff has suffered from depression and anxiety for many years. Much of plaintiff's testimony is consistent with this medical record. On the other hand, it must again be noted that some of plaintiff's complaints are

out of proportion to the objective medical evidence developed in her case. Once again, no doctor has suggested that plaintiff's physical problems are so severe as to prevent all forms of work activity. As for plaintiff's emotional complaints, the simple fact is that Mrs. Comer worked with most of these same problems for many years, and that she reported to her physicians that her stress is less severe when she is working as a hairdresser. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of April, 2010.

United States District Judge